IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00689-CMA-BNB

NOVA LEASING, LLC

 Plaintiff,

v.

SUN RIVER ENERGY, INC. and
MOUNTAIN SHARE TRANSFER, INC.

 Defendants.

---

### DEFENDANT SUN RIVER ENGERY, INC.'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) and FRCP 12(b)(6)

---

Sun River Energy, Inc. ("Sun River") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) hereby files its Motion to Dismiss all claims of Plaintiff Nova Leasing, LLC ("Nova"). This Court lacks subject matter jurisdiction, because the Plaintiff, a limited liability company, has failed to establish the citizenship of each of its members, which is required to prove diversity jurisdiction. Sun River moves to dismiss Nova's civil theft claim for relief, because well-settled case law establishes a statutory remedy which precludes any other relief for alleged failure to register a security. Finally, Nova has failed to state a claim for relief under the Colorado Securities Act and the Colorado Organized Crime Control Act. In support of this Motion, Sun River states as follows:

1

## I. THIS COURT LACKS SUBJECT MATTER JURISDICTION

### A. Subject Matter Standards

A federal court must assure itself that it has jurisdiction over a case. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (explaining that "once a federal court determines it is without subject matter jurisdiction, the court is powerless to continue"). In addition, the party invoking federal-court jurisdiction — the Plaintiff in this case — has the burden to establish jurisdiction as a "threshold matter." *U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, No. 09-CV-00697-PAB-CBS, 2009 WL 2055206, at *1 (D. Colo. July 10, 2009) (quoting *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004)). When a federal court lacks jurisdiction, it "cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. LP v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (quoting *Basso v. Utah Power & Light, Co.*, 495 F.2d 906, 909 (10th Cir. 1974)) (emphasis in original). The Tenth Circuit directs that when "the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Id.*

### B. Diversity Jurisdiction

As courts of limited jurisdiction, the U.S. district courts operate under a presumption against jurisdiction. *Penteco*, 929 F.2d at 1521. In this case, Plaintiff's only asserted ground for subject matter jurisdiction is 28 U.S.C. § 1332(a), diversity jurisdiction. Section 1332(a) requires complete diversity and provides "jurisdiction only where there is complete diversity, that is, where all plaintiffs are of different citizenship

than all defendants." *Hale v. Mastersoft International Pty. Ltd.*, 93 F. Supp. 2d 1108, 1111 (D. Colo. 2000); *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). The citizenship of the parties must be set forth with specificity. *Laughlin*, 50 F.3d at 873 (noting that the "existence of diversity must be affirmatively established on the face of either the petition or the removal notice").

**C.      Citizenship of Limited Liability Company ("LLC")**

An LLC is deemed to be a citizen "of all of the states of which its members are citizens." *Hale*, 93 F. Supp. 2d at 1112 (explaining that the LLC is not a citizen of the state in which it was organized unless one of its members is a citizen of that state). In remanding the case for lack of jurisdiction in *U.S. Advisor*, Judge Brimmer relied on the "broad consensus throughout the circuits" that "an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens." *U.S. Advisor*, 2009 WL 2055206, at *2. While the Tenth Circuit has not yet ruled specifically on the issue, "when an entity is comprised of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *Id.*

Other Colorado federal-court decisions are consistent in this analysis. In *Certain Underwriters at Lloyd's London v. Machinery Management LLC*, the court found no allegations in the Complaint regarding the citizenship of Machinery Management LLC's members. No. 10-CV-00905-PAB, 2010 WL 1688452, at*2 (D. Colo. Apr. 26, 2010). That court concluded "[t]he averments discussed above regarding the citizenship of the

parties are incapable of establishing the Court's subject matter jurisdiction." Id. Similarly, Judge Krieger wrote in 2010 that because the party claiming federal jurisdiction was an LLC, that party had to "specifically identify the state of citizenship of each member of that company." *Gypsum Storage Development, LLC v. W. Reed Edgel & Assocs., Inc.*, No. 10-CV-02760-MSK, 2010 WL 4739948, at *2 (D. Colo. Nov. 15, 2010). When the LLC in that case failed to identify the members or their state of citizenship, it failed to establish citizenship of the LLC for purposes of section 1332(a). *Id.* As a result, the district court remanded the case for lack of subject matter jurisdiction. *Id.* at *3.

In the present case, Plaintiff, who has the burden to prove diversity jurisdiction, has failed to demonstrate its citizenship. Plaintiff only avers that "Nova is a Wyoming limited liability company with a principal address of 214 S. Center St., Casper, Wyoming 82602." Nova completely fails to establish that this Court has subject matter jurisdiction, because it did not list the citizenship of its members. *See Hale*, 93 F. Supp. 2d at 1112.

In the absence of establishing the citizenship of each of its members, Plaintiff cannot satisfy the threshold requirements of subject matter jurisdiction. The Plaintiff has not demonstrated complete diversity as mandated by 28 U.S.C. 1332(a). Consequently, this case and all of Plaintiff's claims for relief must be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## II. DISMISSAL PURSUANT TO FRCP 12(b)(6) IS APPROPRIATE

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Sun River moves to dismiss Nova's Second, Third, and Fourth Claims for Relief, because Nova's Complaint fails to state a claim upon which relief can be granted.

### A. Standard of Review for a Motion to Dismiss Under Rule 12(b)(6)

A complaint may be dismissed under Rule 12(b)(6), if the litigant can prove no set of facts to support a claim for relief. *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 U.S. 858 (1997). If, accepting all well-pleaded allegations as true and drawing all reasonable inferences in favor of the party asserting the claim, it appears beyond doubt that no set of facts entitles the litigant to relief, then the Court should grant a motion to dismiss. *Tri-Crown, Inc. v. American Federal Savings & Loan Association*, 908 F.2d 578, 582 (10th Cir. 1990). Also, a claim may be dismissed, if it asserts a legal theory not cognizable as a matter of law, or when the claim fails to allege sufficient facts to support a cognizable legal claim. *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). In reviewing the allegations of a pleading, a court need not accept as true any conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Conclusory allegations, without supporting factual averments, "are insufficient to state a claim on which relief can be based." *Id.*

### B. Nova's Common Law Claim for Civil Theft Is Displaced by Colorado's Codification of the Uniform Commercial Code, Which Provides the Sole Remedy for Plaintiff

Both the Colorado Supreme Court and, more recently, this Court have determined that when a litigant asserts claims based on the allegation that a corporate

5

entity should have permitted the registration of a stock sale, the sole remedy and sole claim that may be asserted are under C.R.S. § 4-8-401 (hereinafter referred to as "§ 4-8-401"). *Clancy Systems International, Inc. v. Salazar*, 177 P.3d 1235, 1237-39 (Colo. 2008) (dismissing common law claims for trespass to chattel and interference with prospective business advantage, and holding that § 4-8-401 "displaces common law remedies")[1]; *Ajjarapu v. AE Biofuels, Inc.*, 728 F. Supp. 2d 1154, 1164 (D. Colo. 2010) (Arguello, J., citing *Clancy*, holding that § 4-8-401 displaces common law claims under Colorado law, and dismissing claims for conversion and breach of fiduciary duty based on allegation that corporate entity should have permitted removal of restrictive legend on plaintiff's stock certificate).[2]  This Court and the Colorado Supreme Court have concluded that Colorado's codification of the Uniform Commercial Code ("UCC") displaces common law remedies, where the UCC and the common law provide "'a means of recovery for the same loss.'" *Ajjarapu*, 728 F. Supp. 2d at 1164 (quoting *Clancy*, 177 P.3d at 1237).

The Colorado Supreme Court in *Clancy* and this Court in *Ajjarapu* have confirmed that the statute provides the exclusive remedy.  In *Clancy*, the Colorado Supreme Court dismissed several common law claims based on allegations that the defendant unreasonably delayed in issuing stock certificates without a restrictive legend.  *Clancy*, 177 P.3d at 1236.  The court engaged in a detailed analysis of § 4-8-401 and stated "long ago [the Colorado Supreme Court] declined to find that common

---

[1] For the Court's convenience, a copy of *Clancy* is attached to this Motion as Exhibit A.

[2] For the Court's convenience, a copy of *Ajjarapu* is attached to this Motion as Exhibit B.

law causes of action survive adoption" of the UCC, unless the language of the code expressly states that such claims survive. *Id.* at 1237. The *Clancy* court held that adoption of the UCC displaced common law remedies which provided recovery for losses for which recovery was already had under § 4-8-401(b). *Id.* at 1238. The displacement of common law remedies for UCC remedies prevents a party from recovering twice for the same alleged wrong.

Relying on *Clancy*, this Court in *Ajjarapu* reached the same conclusion. In *Ajjarapu*, when the defendant declined to reissue stock certificates without a restrictive legend prohibiting the sale of the stock, the plaintiff asserted a claim under § 4-8-401 as well as several common law claims. *Ajjarapu*, 728 F. Supp. 2d at 1157. This Court held that under Colorado law, § 4-8-401 replaces common law remedies for alleged losses resulting from a refusal or failure to register a transfer of stock and any unreasonable delay in registering a transfer. *Id.* at 1164. This Court dismissed plaintiff's common law claims for conversion and breach of fiduciary duty. *Id.*

In its Complaint Nova alleges that Sun River violated § 4-8-401 by instructing Mountain Share Transfer, Inc. ("MST") not to register a transfer of 1,200,000 shares of Sun River stock. (Compl., Dkt. No. 1, at pp. 12, 14-15, ¶¶ 34, 40-53.) Nova's Complaint also alleges that Sun River's instruction to MST amounted to civil theft. (*Id.* at p. 16, ¶¶ 54-59.) Sun River vehemently denies these allegations,[3] but it is clear in

---

[3] The facts surrounding the Asset Purchase Agreements ("APAs") conveying the stock to Nova and the subsequent Release issued by Nova releasing Sun River from any further obligations under the APAs, including rightful ownership of the 1,200,000 shares of Sun River stock, are currently being litigated in Texas, more fully discussed in section III, *infra*. Nova filed a Notice of Related Case, Dkt. No. 3, in this Court on March 18, 2011.

light of *Clancy* and *Ajjarapu* that Nova's civil theft claim is barred as a matter of law. For these reasons, Nova's Second Claim for Relief for civil theft should also be dismissed.

**C.  Nova Has Failed to Plead a Cause of Action under the Colorado Securities Laws**

Nova alleges in its Complaint that Sun River has violated C.R.S. § 11-51-501 *et seq.* (hereinafter referred to as "§ 11-51-501"), the securities fraud provision of the Colorado Securities Act. (Compl. at pp. 16-19, ¶¶ 60-66.) To allege a cause of action under § 11-51-501 a plaintiff must show that: (1) the plaintiff is a purchaser or seller of a security; (2) the security is a "security"; (3) the defendant acted with the requisite scienter; (4) the defendant's conduct was in connection with the purchase or sale of a security; (5) the defendant's conduct was in violation of the Act; and (6) the plaintiff relied upon the defendant's conduct to his detriment, or that the defendant's conduct caused the plaintiff's injury. *Huffman v. Westmoreland Coal Co.*, 205 P.3d 501, 505 (Colo. App. 2009). *See* C.R.S. § 11-51-501 *et seq.*

**1.  No Causal Connection Exists Between the Sale of the Sun River Stock and the Conduct Alleged by Nova**

The Tenth Circuit has construed the "in connection with" requirement to "require a causal connection between the allegedly deceptive act or omission and the alleged injury." *Arst v. Stifel, Nicolaus and Co., Inc.*, 86 F.3d 973, 977 (10th Cir. 1996). *See Westinghouse Credit Corp. v. Bader & Dufty*, 627 F.2d 221, 223 (10th Cir. 1980), *reh'g denied*; *Vincent v. Moench*, 473 F.2d 430, 435 (10th Cir. 1973), *reh'g denied*. Both the Third Circuit and the Eleventh Circuit have followed this reasoning as well. *See Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 942-44 (3d Cir. 1985)

(noting that the Third Circuit has construed section 10(b) as mandating that there be some causal connection between the alleged fraud and the harm incurred, when the security is purchased or sold), *cert. denied*, 474 U.S. 935 (1985); *Liberty Nat'l Ins. Holding Co. v. Charter Co.*, 734 F.2d 545, 555 (11th Cir. 1984) (the "in connection with" element requires a causal relationship between the claimed deception and a subsequent purchase or sale).

Federal laws and Colorado state laws concerning unlawful practices in connection with the purchase or sale of securities are parallel. *Coffey v. Dean Witter Reynolds Inc.*, 961 F.2d 922, 926 (10th Cir. 1992). "Insofar as the Colorado securities laws parallel their federal counterparts, federal authorities are highly persuasive." *Allison v. Bank One-Denver*, Nos. 91-S-1422, 91-S-1423, 1994 WL 637403, at *5 (D. Colo. Jan. 7, 1994) (citing *People v. Riley*, 708 P.2d 1359, 1363 (Colo. 1985)).

In *Arst*, plaintiff brought a claim under section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder. As in this case, the deceptive practice alleged by plaintiff in *Arst* occurred after the sale. Arst, 86 F.3d at 977. The Tenth Circuit found that since the allegedly deceptive conduct occurred after the sale, the defendant's conduct was not "in connection with" the purchase or sale of a security. *Id.*

From April 2006 to late November 2006, Nova and Sun River entered into two Asset Purchase Agreements ("APAs"), agreeing to issue Nova stock and pay $6,600,000 in exchange for 14,000 acres of mineral leases. (Compl. at pp. 3-6, ¶¶ 9-17.) As a result, Sun River issued a total of 1,200,000 shares of its stock to Nova. (*Id.* at p. 6, ¶ 18.) No exchanges of stock occurred after 2006. In April of 2008, Nova

9

released Sun River from its obligations under the APAs and Sun River returned any rights to the mineral leases, but Nova did not return the 1,200,000 shares of Sun River stock given in consideration for the leases. (*Id.* at pp. 6-7, ¶¶ 20-21.) On January 31, 2011, Sun River requested that MST not register a transfer of any Sun River shares held by Nova, so they could determine whether the transfer was "rightful" and the validity of Nova's ownership of the stock. (Compl., Ex. B.) This is the deceptive conduct alleged by Nova. (Compl. at pp. 11-12, 17, ¶¶ 33-34, 64.)

The deceptive conduct Nova alleges occurred over four years after the sale of Sun River's stock to Nova. (Compl. at pp.11-12, 17, ¶¶ 33-34, 64.) Requesting a transfer agent to place a "stop/hold" on the registration of a transfer of stock is not a causal connection to the sale of stock, which occurred four years before Nova requested registration. For the reasons above, Nova has failed to state a claim for securities fraud under Colorado's securities laws. Therefore, Nova's Third Claim for Relief should be dismissed.

### 2.  Nova Has Not Sustained Injury

The Colorado securities fraud provision of the Colorado Securities Act requires a defendant's conduct to injure a plaintiff. *Huffman*, 205 P.3d at 505. Nova has not sustained any injury because of Sun River's actions.

On or around April 12, 2006, Nova and Sun River entered into an Asset Purchase Agreement (the "First APA"). (Compl. at p. 3, ¶ 9.) Under the terms of the First APA, Nova agreed to convey interests in oil and gas mineral leases to Sun River, in exchange for Sun River's execution of a promissory note for $64,000 payable to Nova

and delivery of 300,000 shares of Sun River's restricted common stock. (*Id.* at p. 3, ¶ 9.) Sun River issued an additional 20,000 shares of restricted common stock to Nova in July 2006, in connection with an extension of the aforementioned note. (*Id.* at p. 4, ¶ 13.) In or about September or November of 2006, Nova and Sun River entered into a second Asset Purchase Agreement (the "Second APA"). (*Id.* at p. 5, ¶¶ 15-16.) Pursuant to the terms of the Second APA, Nova agreed to convey additional interests in oil and gas mineral leases to Sun River in exchange for a promissory note payable to Nova in the amount of $6,600,000 and 880,000 shares of Sun River's restricted common stock. (*Id.* at p. 5, ¶¶ 15-16.) As a result, Sun River issued a total of 1,200,000 shares of its stock to Nova. (*Id.* at p. 6, ¶ 18.) In connection with the Release of Claims, Nova unconditionally released Sun River from any obligations under the Notes, and Sun River returned any rights to the mineral leases covered by the APAs. (*Id.* at pp. 6-7, ¶ 20.)

On January 31, 2011, Sun River requested that MST not register a transfer of any Sun River shares held by Nova, so they could determine whether the transfer was "rightful" and the validity of Nova's ownership of the stock. (Compl. at Ex. B.) This is the deceptive conduct alleged by Nova. (Compl. at pp.11-12, 17, ¶ 33-34, 64.) Sun River's request to place a "stop/hold" on the registration has not injured Nova, because Nova has retained payments under the APAs, the 1,200,000 shares of Sun River stock, and Nova gained 14,000 acres of mineral leases. Since Nova did not establish injury under the Colorado Securities Act (and may actually have benefited thereunder), Nova

has failed to state a claim for securities fraud under Colorado's securities laws. Therefore, Nova's Third Claim for Relief should be dismissed.

**D.     Nova's Complaint Fails to State a Claim for a Violation of the Colorado Organized Crime Control Act**

The Colorado Organized Crime Control Act (hereinafter referred to as the "COCCA"), C.R.S. § 18-17-104, *et seq.* requires a plaintiff to prove that a defendant knowingly conducted or participated, directly or indirectly, in an enterprise that engaged in a pattern of racketeering activity that injured the plaintiff.  C.R.S. § 18-17-104.  The COCCA defines a "pattern of racketeering activity" as engaging in **at least two** acts of racketeering activity that are related to the conduct of the enterprise ...."  C.R.S. § 18-17-103(3) (emphasis added); *see People v. Chaussee*, 880 P.2d 749 (Colo. 1994).  A pattern of racketeering activity is not in itself an offense under the COCCA.  880 P.2d at 758, n.12.  The COCCA outlines the prohibited activities which must be carried out through the pattern of racketeering activity.  *See* C.R.S. § 18-17-103(5).

Nova alleges that Sun River has violated the COCCA, because it committed civil theft and securities fraud.  (Compl. at p. 18-19, ¶ 68-74.)  As discussed above, Nova's civil theft claim is displaced by Nova's asserting a claim under § 4-8-401.  Similarly, Nova's claim that Sun River engaged in securities fraud fails, because the alleged misconduct was not made in connection with the purchase or sale of a security, and Nova did not incur any injury.  To the extent that Nova relies on its civil theft and securities fraud claims, its claim that Sun River violated the COCCA is baseless.  Nova has not shown a "pattern of racketeering activity."  In addition, for the reasons stated above in section II(C)(2), Nova has not been injured by Sun River's actions.  Thus,

12

Nova has failed to state a claim under the COCCA and its Fourth Claim for Relief should be dismissed.

### III. COMITY FAVORS THE EARLIER-FILED ACTION

The application of comity rests in the sound discretion of the Court. Courts should exercise comity between themselves in order to avoid expense, harassment and inconvenience to the litigants. The doctrine of comity applies between state courts of different states as well as between federal courts and state courts.

In *Wiltgen v. Berg*, 435 P.2d 378 (Colo. 1967), *reh'g denied*, in a case involving separate actions filed in separate Colorado courts, the Colorado Supreme Court held that if dual actions involve the same subject matter and the same parties, the action filed first has priority, and the second action must be stayed until the first is determined. *Id.* at 381.

In *Nationwide Mutual Insurance Co. v. Mayer*, 833 P.2d 60 (Colo. App. 1992), the Colorado Court of Appeals addressed separate suits pending in different states. The plaintiff filed suit in a New Mexico state court first, and then the defendant filed suit in a Colorado state court, with both suits involving the same subject matter and the same parties. *Id.* at 61. The Colorado court followed the general rule: When two suits are filed in two different states and concern the same subject matter and the same parties, the court in which the second action is brought may in its discretion stay or suspend its suit, awaiting decision in the first court's suit. *Id.* at 61-62. The Colorado court listed six considerations: (1) whether the subsequent suit was designed solely to harass; (2) the nature of the actions; (3) where the cause of action arose and which law

is applicable; (4) the expense and inconvenience; (5) the availability of witnesses; and (6) the stage of the first suit. *Id.* The Colorado court then remanded the Colorado case for the trial court to stay the case in favor of the earlier-filed New Mexico case.

Applying the *Mayer* factors here favors a stay of the current action. Sun River filed a Petition in the 298th Judicial District Court, Dallas County, Texas on March 10, 2011.[4] Subsequently, Nova filed its Complaint in this Court on March 18, 2011. Sun River's Texas action concerns the same Asset Purchase Agreements, Release, and Sun River stock as Nova's action in this Court. The issues being litigated in Texas (the rightful ownership of 1,200,000 shares of Sun River stock) are at the core of the litigation in this Court. Nova's filing of this case is harassing and would cause undue expense and inconvenience on Sun River. Sun River's headquarters and corporate documents are located in Texas, and the current transfer agent is located in Texas. In fact, Nova made formal demand on the current transfer agent in Texas on March 1, 2011, just a few weeks before filing the current action in this Court.[5] Furthermore, Nova, which has yet to establish its citizenship, could assert similar state law claims in the already pending litigation in Texas, especially in light of Exhibit C. Sun River therefore requests that this Court, in the interest of judicial efficiency, exercise its discretion and stay this suit, pending resolution of the first-filed litigation in Texas, whose issues sit at the core of the litigation before this Court

---

[4] *See* Notice of Related Case, Dkt. No. 3.

[5] *See* Exhibit C, attached hereto, which is a true and correct copy of the March 1, 2011 correspondence from Nova's counsel.

Dated:  April 11, 2011.           Respectfully submitted,

s/ Louis Leonard Galvis
Louis Leonard Galvis (CO Bar No. 32885)
Sessions, Fishman, Nathan & Israel, LLC
645 Stonington Lane
Fort Collins, CO  80525
Telephone:  (970) 223-4420
Facsimile:  (970) 223-4490
E-mail:  lgalvis@sessions-law.biz

*Attorneys for Defendant Sun River Energy, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 11, 2011 I electronically filed a true and exact copy of the above and foregoing **DEFENDANT SUN RIVER ENGERY, INC.'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) and FRCP 12(b)(6)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

tkern@shermanhoward.com

lgalvis@sessions-law.biz

s/ Louis Leonard Galvis
Louis Leonard Galvis
E-mail:  lgalvis@sessions-law.biz