IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00689-CMA-BNB

NOVA LEASING, LLC,

Plaintiff,

v.

SUN RIVER ENERGY, INC.,
MOUNTAIN SHARE TRANSFER, INC.,
HARRY N. MCMILLAN, an individual
CICERONE CORPORATE DEVELOPMENT, a Texas limited liability company, and
J.H. BRECH, LLC, a Texas limited liability company,

Defendants.
_____

**ORDER**
_____

This matter arises on **Defendant Sun River Energy, Inc.'s Motion for Sanctions and Brief in Support** [Doc. # 69, filed 09/22/2011] (the "Motion"). The Motion is DENIED without prejudice.

Defendant Sun River Energy, Inc. ("Sun River") moves for sanctions under Rule 11, Fed.R.Civ.P.; 28 U.S.C. § 1927; and the court's inherent power. Sun River asserts that it is entitled to attorneys' fees, costs, and expenses it has "needlessly incurred[] because certain of Plaintiff's claims are frivolous, vexatious, brought in bad faith, for purposes of harassment and with malice . . . ." *Motion*, pp. 1-2. Sun River further asserts that the plaintiff accuses Sun River; Cicerone Corporate Development; and J.H. Brech, LLC, of attempting to artificially

inflate the price of Sun River's stock, but "[t]hese allegations have no evidentiary support, and are completely baseless and unfounded."[1] Id. at p. 2.

Rule 11 provides for sanctions on a determination that a pleading was filed for an improper purpose, such as to harass, or that the pleading contains factual contentions that have no evidentiary support. Fed.R.Civ.P. 11(b) and (c). Under 28 U.S.C. § 1927, the court may award costs, expenses, and attorney's fees against attorneys who multiply proceedings vexatiously. In addition, the court has inherent power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (internal quotations and citations omitted).

To determine whether Sun River's arguments are meritorious, it would be necessary to analyze the merits of the claims, including affidavits and documents submitted by the parties. Any rulings on the Motion would have implications for subsequent summary judgment practice or trial.

The district court has discretion to delay ruling on a motion for sanctions to avoid disruption of the progress of a lawsuit. The First Circuit has stated: "[c]ourts should, and often do, defer consideration of certain kinds of sanctions motions until the end of trial to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits." Lichtenstein v. Consolidated Services Group, Inc., 173 F.3d 17, 23 (1st Cir. 1999). See also Baker v. Alderman, 158 F.3d 516, 523 (11th Cir. 1998) ("[a]lthough the timing of sanctions rests in the district judge's discretion, Rule 11 sanctions normally will be determined at the end of litigation"); Fed.R.Civ.P. 11, Advisory Committee Notes, 1983 Amendment ("The time when

---

[1] Sun River does not provide any evidence to support its allegations.

sanctions are to be imposed rests in the discretion of the trial judge.  However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter."); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1337.1 (3d ed. 2004) ("[i]f the challenged conduct is the institution of the action itself . . . whether there has been a Rule 11 violation generally is not decided until after the litigation is completed, in order to avoid delaying the disposition of the merits of the case.").

I decline to consider Sun River's Motion until the claims are addressed on their merits through an appropriate dispositive motion or trial.  Accordingly, the Motion is denied without prejudice.

The plaintiff contends that Sun River's Motion is baseless and moves for attorney's fees and costs incurred in defending the Motion as provided in Rule 11(c)(2), Fed.R.Civ.P.  *Response in Opposition to Sun River's Motion for Sanctions*, p. 15.  Because I decline to address Sun River's Motion at this time, the plaintiff's motion is moot.  Moreover, "[a] motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper."  D.C.COLO.LCivR 7.1C.

IT IS ORDERED:

(1)  The Motion [Doc. # 69] is DENIED without prejudice; and

(2)  Plaintiff's request for sanctions is DENIED as moot.  All future requests for relief shall be by motion that complies with Local Rule 7.1C.

Dated March 19, 2012.

                              BY THE COURT:

                              s/ Boyd N. Boland
                              United States Magistrate Judge