Case 1:11-cv-00689-RM-BNB   Document 134   Filed 08/31/12   USDC Colorado   Page 1 of 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-00689-CMA-BNB

NOVA LEASING, LLC, a Wyoming limited liability company,

    Plaintiff,

v.

SUN RIVER ENERGY, INC., a Colorado corporation,
HARRY N. McMILLAN,
CICERONE CORPORATE DEVELOPMENT, a Texas limited liability company, and
J.H. BRECH, LLC, a Texas limited liability company,

    Defendants, and SUN RIVER ENERGY, INC., a Colorado corporation, Third-Party Plaintiff,

v.

Michael Littman,

    Third-Party Defendant.

## ORDER DENYING MOTIONS TO PARTIALLY DISMISS

This matter is before the Court on the Motions to Partially Dismiss filed by Defendants J.H. Brech, LLC ("Brech") and Cicerone Corporate Development ("Cicerone").[1]  (Doc. ## 76 and 77, respectively.)  For the following reasons, the Court denies the motions.

---

[1] Defendant Harry N. McMillan ("McMillan") also filed a Motion to Partially Dismiss that is substantially similar to the instant motions. (*See* Doc. # 71.) However, on January 20, 2012, McMillan submitted a Notice of Filing of Involuntary Petition for Bankruptcy. (Doc. # 103.) The involuntary bankruptcy petition has caused an automatic stay of Nova's claims against McMillan. Accordingly, the Court does not address his motion here other than to deny it without prejudice.

## I. **BACKGROUND**

The factual allegations of Plaintiff Nova Leasing, LLC ("Nova"), are set forth at length in the Court's March 28, 2012 Order Denying the Motions to Dismiss filed by Defendant Sun River Energy, Inc. ("Sun River"). (Doc. # 110.) Such allegations are incorporated herein by reference.

Nova, in its Second Amended Complaint (Doc. # 54), asserted claims against McMillan, Brech, and Cicerone for: (1) civil theft under Colo. Rev. Stat. § 18-4-401, *et seq.*; (2) violation of the Colorado Securities Act (aiding and abetting securities fraud) pursuant to Colo. Rev. Stat. § 11-51-101, *et seq.*; and (3) violation of the Colorado Organized Crime Control Act ("COCCA"), Colo. Rev. Stat. § 18-17-101, *et seq.*[2] (Doc. # 54 at 25-30.) Nova's claims against these Defendants hinge on its allegations that McMillan, individually and in his role as a principal of both Brech and Cicerone, improperly sought to prevent Nova from selling stock it owned in Sun River.[3] Nova alleges that McMillan's actions were meant to help artificially inflate the price of Sun River's shares, thereby financially benefiting him, Brech, and Cicerone by preventing dilution of their beneficial ownership interests in Sun River.

---

[2] Nova also asserted these claims against Sun River, although the Colorado Securities Act claim alleged securities fraud, as opposed to aiding and abetting securities fraud, against Sun River. (*See* Doc. # 54 at 25-30.) Regardless, Sun River does not currently have any motions to dismiss pending.

[3] Nova alleged that Brech and Cicerone "are controlled by" McMillan. (*Id.* at 2.) Therefore, and because of the involuntary bankruptcy petition against him, McMillan is implicated in this Order only to the extent that he acted on behalf of Brech and Cicerone.

## II. DISCUSSION

In the instant motions, which are highly similar to each other, Defendants assert that, under Fed. R. Civ. P. 12(b)(6), Nova has failed as a matter of law to state a claim for aiding and abetting securities fraud and for violation of the COCCA. The Court will address these assertions, in turn, below.

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim is to test "the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). A complaint will survive such a motion only if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a motion to dismiss, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). Nevertheless, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "The

court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

In order to state a Rule 10b-5[4] claim for securities fraud, a plaintiff must plead that:

> (1) the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement complained of was made in connection with the purchase or sale of securities; (3) the defendant acted with *scienter*, that is, with the intent to defraud or recklessness; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages as a result of his reliance.

*Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1095 (10th Cir. 2003).

A Plaintiff suing under Rule 10b-5 must comply with the heightened pleading standards of Rule 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, 109 Stat. 737 (codified as amended in scattered sections of Title 15 of the United States Code). Rule 9(b) mandates that "in alleging

---

[4] Rule 10b-5 states:
> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
> (a) To employ any device, scheme, or artifice to defraud,
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5.

fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, where, and how of the alleged fraud[,] and must set forth the time, place, and contents of the false representation, and the identity of the party making the false statements." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 726-27 (10th Cir. 2006) (quotation marks and citations omitted). However, "[t]he requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be simple, concise, and direct, and to be construed as to do substantial justice." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quotation marks, citation, and lacuna omitted).

The PSLRA similarly requires that the complaint in a securities fraud action under Rule 10b-5 "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is made." 15 U.S.C. § 78u-4(b)(1). When alleging that a defendant acted with a particular state of mind, "the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). Thus, a plaintiff suing under Rule 10b-5 must plead with particularity the defendant's fraudulent acts and the defendant's state of mind. *See Adams*, 340 F.3d at 1095-96. Nonetheless, although the PSLRA imposes substantial

specificity requirements for a Rule 10b-5 claim, "the statute should be construed not technically and restrictively, but flexibly to effectuate its remedial purposes." *S.E.C. v. Zandford*, 535 U.S. 813, 819 (2002) (quotation marks and citations omitted). Also, similar to Rule 9(b), the PSLRA did not "abolish the concept of notice pleading." *Adams*, 340 F.3d at 1101 (observing that the "PSLRA did not . . . purport to move up the trial to the pleadings stage").

## A.   AIDING AND ABETTING SECURITIES FRAUD

Defendants first assert that Nova has failed to state a claim for aiding and abetting securities fraud under the Colorado Securities Act. (Doc. ## 76 at 7-9 and 77 at 7-9.) Defendants' primary argument is that Nova failed to allege that they "provided substantial assistance in connection with any alleged securities fraud." (Doc. ## 76 at 7 and 77 at 7 (emphasis and capitalization deleted).) The Court disagrees with Defendants' assessment of Nova's allegations.[5]

Pursuant to the Colorado Securities Act, "[a]ny person who knows that another person . . . is engaged in conduct which constitutes a violation of section 11-51-501 and who gives **substantial assistance** to such conduct is jointly and severally liable to the

---

[5] As a threshold matter, the Court rejects Defendants' arguments that "Nova has not plead the underlying securities fraud allegations which form the basis of its aiding and abetting claim with sufficient particularity to satisfy Rule 9 of the Federal Rules of Civil Procedure." (Doc. ## 76 at 9 n.3 and 77 at 8 n.3.) In its March 28, 2012 Order, the Court found that Nova had validly stated both a federal securities fraud claim and a securities fraud claim under Colorado law. (*See* Doc. # 110 at 26 & n.18.) Of course, whether Nova can prove the underlying securities fraud claim against Sun River and the aiding and abetting claim against Defendants is a question that can be resolved only on summary judgment or at trial.

same extent as such other person." Colo. Rev. Stat. § 11-51-604(5)(c) (emphasis added).  *See also Stat-Tech Liquidating Trust v. Fenster*, 981 F. Supp. 1325, 1339 (D. Colo. 1997).  In its Second Amended Complaint, Nova alleged that "McMillan, Cicerone and Brech rendered substantial assistance to the conduct of Sun River in violation of § 11-51-501, C.R.S., including causing or assisting Sun River to make materially false or misleading statements with respect to Nova's and Sharon K. Fowler's[6] shares and failing to disclose material facts necessary to make Sun River's statements not false or misleading." (Doc. # 54 at 28.)  Accordingly, contrary to Defendants' assertion, Nova clearly alleged that Defendants provided substantial assistance in connection with Sun River's alleged fraudulent activities.  Moreover, Nova's allegations rest on factual assertions that Defendants assisted Sun River in making materially false or misleading statements.  As just one example, and as addressed in the Court's previous Order, Nova asserted that McMillan had instructed James Pennington, who was outside (and later general) counsel for Sun River, "to falsely report on March 1, 2011[,] that Mr. Fowler, on behalf of Nova, had said at the time of the Note Release that Nova 'did not wish to keep the shares.'" (*Id.* at 18.)  This assertion – which the Court already determined complied with the PSLRA's specificity requirements (*see* Doc. # 110 at 18) – by itself satisfies Nova's pleading burden.  Nova's other allegations and related analysis thereof (*see* Doc. ## 88 at 4-8

---

[6]   Sharon K. Fowler is the wife of Nova's manager and principal owner, Bob Fowler. (*See* Doc. # 110 at 2.)

and 89 at 4-8) further persuade the Court that Nova has validly stated a claim against Defendants for aiding and abetting securities fraud.

Finally, the Court agrees with Nova that it adequately alleged Defendants' liability based on the actions of McMillan as their agent.[7] "The general rule that a principal is liable for the fraud and misrepresentations of his agent while acting within the scope of his authority or employment is fully applicable to corporations . . . ." *Kerbs v. Fall River Indus., Inc.*, 502 F.2d 731, 740-41 (10th Cir. 1974), *abrogated on other grounds by Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994). It also applies to conduct that violates Rule 10b-5. *Id.* at 741 (holding corporation liable because "its president, acting within the scope of his apparent authority as principal officer and agent of the corporation, engaged in conduct which violated the provisions of . . . Rule 10b-5"); *see also Adams*, 340 F.3d at 1106-07 (noting that the scienter of a controlling officer can be imputed to the corporation itself under traditional agency principles).

In the instant case, Nova alleged that McMillan was a principal of Brech and the Managing Member of Cicerone. (Doc. # 54 at 11.) Nova alleged that McMillan's authority, in his role with Breach, and through the consulting contract Brech had with Sun River, included "manag[ing] and control[ling] Sun River's investor relations, corporate governance, capital-raising and other activities." (*Id.*) Similarly, Nova alleged

---

[7] The Court does not read Defendants' motions as having directly raised this issue. However, Defendants did assert that Nova "improperly lump[ed]" Defendants together with McMillan. (Doc. ## 76 at 9 n.3 and 77 at 8 n.3.) To the extent such an assertion was meant to challenge Nova's theory of agency, the Court will address it here.

that McMillan's authority, in his role with Cicerone, and through the contract it had with Sun River, included consulting and assisting Sun River with "investor relations, corporate governance, implementation of corporate strategies, capital-raising and other matters." (*Id.*)  For each Defendant, Nova also asserted an independent financial motive to artificially inflate the price of Sun River's stock.  (*See id.* at 11-13.)  Accordingly, as to the instant Defendants, Nova's aiding and abetting securities fraud claim was well-pled.

**B.     THE COCCA**

Defendants next assert that Nova has failed to state a claim under the COCCA because Nova has not "sufficiently alleged a pattern of racketeering activity." (Doc. ## 76 at 10 and 77 at 9 (emphasis and capitalization deleted).)  Defendants' position is unpersuasive.

Under the COCCA, a "pattern of racketeering activity" is defined, in pertinent part, as: "engaging in at least two acts of racketeering activity which are related to the conduct of the enterprise, if at least one of such acts occurred in this state after July 1, 1981, and if the last of such acts occurred within ten years . . . after a prior act of racketeering activity."  Colo. Rev. Stat. § 18-17-103(3).  Demonstrating such a pattern can be accomplished "simply by proving at least two acts of racketeering activity, as defined in section 18-17-103(5), that are related to the conduct of the enterprise."[8]

---

[8] This "liberal construction" of Colo. Rev. Stat. § 18-17-103(3) helps to "effectuate the intent and purpose of COCCA."  *Chaussee*, 880 P.2d at 758.  It also varies from the federal RICO definition of "pattern of racketeering activity."  *Id.* at 753 ("it is not necessary to prove that the criminal acts meet standards of continuity or of relatedness

*People v. Chaussee*, 880 P.2d 749, 758 (Colo. 1994) (emphasis deleted).  "Racketeering activity" is defined as including violations of federal securities laws, Colorado securities fraud, and theft.  Colo. Rev. Stat. § 18-17-103(5)(a), (5)(b)(XIII), and (5)(b)(II).  The Court agrees with Nova that its Second Amended Complaint alleged that Defendants "participated in more than two predicate acts which relate to the conduct of the enterprise."  (Doc. ## 88 at 12 and 89 at 12.)

Nova alleged that Brech and Cicerone engaged in two or more acts of civil theft under Colo. Rev. Stat. § 18-4-401, *et seq.*  (Doc. # 54 at 29.)  Defendants do not assert either that Nova failed to state a claim for civil theft or that civil theft does not constitute a racketeering activity under the COCCA.  Further, as the Court previously addressed, Nova also validly asserted a claim against Defendants for aiding and abetting securities fraud, which constitutes an additional predicate act under the COCCA.  *See, e.g.*, *F.D.I.C v. First Interstate Bank of Denver, N.A.*, 937 F. Supp. 1461, 1470 (D. Colo. 1996) (concluding that "'aiding and abetting' liability is a viable claim under COCCA").  Accordingly, Nova validly states a COCCA claim as to these Defendants.

---

to one another as those requirements have been established by judicial construction under RICO").  Such variance is not, as Defendants claim, limited to "the context of a criminal proceeding" (*see* Doc. ## 92 at 6 and 93 at 6) but, rather, can also be witnessed in various civil cases, *see Dolin v. Contemporary Fin. Solutions, Inc.*, 622 F. Supp. 2d 1077, 1086 (D. Colo. 2009) (citing *Chaussee*'s holding regarding the definition of "pattern of racketeering activity" and acknowledging that "[t]here have been cases where Colorado courts have declined to follow federal precedent interpreting RICO"), and *F.D.I.C v. First Interstate Bank of Denver, N.A.*, 937 F. Supp. 1461, 1471 (D. Colo. 1996) (citing *Chaussee* and noting that the "Colorado Supreme Court recently indicated that in interpreting Colorado statutes modeled after parallel federal statutes it would not necessarily follow federal precedent").

## III. **CONCLUSION**

For the foregoing reasons, it is ORDERED that Defendant J.H. Brech, LLC's Motion to Partially Dismiss Plaintiff's Second Amended Complaint (Doc. # 76) and Defendant Cicerone Corporate Development's Motion to Partially Dismiss Plaintiff's Second Amended Complaint (Doc. # 77) be DENIED.  It is

FURTHER ORDERED that Defendant Harry N. McMillan's Motion to Partially Dismiss Plaintiff's Second Amended Complaint (Doc. # 71) be DENIED WITHOUT PREJUDICE and with leave to re-file, pending the outcome of the ongoing bankruptcy proceedings against him.  It is

FURTHER ORDERED that that the caption on all subsequent filings in this matter shall reflect the proper parties, as set forth in the caption above.

DATED:  August __31__, 2012

BY THE COURT:

_/s/ Christine M. Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge