IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00689-CMA-BNB

NOVA LEASING, LLC,

Plaintiff,

v.

SUN RIVER ENERGY, INC.,
HARRY N. MCMILLAN, an individual
CICERONE CORPORATE DEVELOPMENT, a Texas limited liability company, and
J.H. BRECH, LLC, a Texas limited liability company,

Defendants,

v.

MICHAEL LITTMAN,

Third-Party Defendant.

_____

**ORDER**
_____

This matter arises on the following:

(1)     **Sun River Energy, Inc.'s Motion to Quash Nova Leasing, LLC's Subpoena Duces Tecum to Josh Pingel** [Doc. # 171, filed 2/19/2013] (the "Motion to Quash"); and

(2)     **Nova's Motion to Compel Discovery Responses, Production of Documents and Deposition Dates By Sun River** [Doc. # 182, filed 3/6/2013] (the "Motion to Compel").

I held a hearing on the motions this morning and made rulings on the record, which are incorporated here.  In particular, I find that Sun River has engaged in abusive litigation tactics and bad faith in connection with its discovery obligations.

IT IS ORDERED:

(1)     The Motion to Quash [Doc. # 171] is DENIED as moot, the Pingel subpoena having been withdrawn.

(2)     The Motion to Compel [Doc. # 182] is GRANTED IN PART and DENIED AS MOOT IN PART as follows:

•DENIED as moot with respect to requiring that interrogatories be answered in writing and under oath, Sun River having provided properly executed interrogatory answers on March 11, 2013;

•GRANTED to require Sun River to provide contact information for Josh Pingel and Messrs. Henson, Leaver, Anderson, Surgnier, Kelloff, and Schaefer including their last known telephone numbers, email addresses, and mailing and street addresses;

•GRANTED to require Sun River to produce all documents responsive to Nova's Requests for Production Nos. 13 and 14; to serve a supplemental response to these requests for production specifying whether all responsive documents have been produced or if some are subject to objection, specifying any objection and identifying the documents or categories of documents withheld based on any objection; and to serve a privilege log in full compliance with the requirements of Fed. R. Civ. P. 26(b)(5).  At Nova's option, it may either inspect the documents prior to requesting copies or, after agreeing to pay any reasonable amount of copying costs, direct that copies of the documents be produced to it at the offices of its counsel on the date specified below;

•GRANTED to require Sun River to complete its privilege screening of the documents produced by Michael Littman and to serve a privilege log concerning those

documents on or before March 20, 2013.  Thereafter, Mr. Littman shall delete from the documents produced to Nova all documents listed on Sun River's privilege log and produce to Nova the non-privileged documents on or before March 25, 2013; and

•GRANTED as conceded to require Sun River to produce Steve Weathers, Donal Schmidt, and James Pennington for their depositions in Dallas, Texas, during the week of April 8, 2013.

(3)     Sun River shall serve supplemental discovery responses, produce all non-privileged responsive documents, and serve its privilege log (other then as related to the Littman documents, which are addressed in ¶2 above) on or before March 25, 2013.

(4)     Nova, at its option and not later than March 22, 2013, may file a motion pursuant to Fed. R. Civ. P. 37(a)(5) seeking its reasonable expenses, including attorneys fees, incurred in making the Motion to Compel.

(5)     A status conference is set for March 28, 2013, at 3:00 p.m., in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, to address Sun River's compliance with this order and any other open matters.  All counsel of record and pro se parties wishing to participate in the status conference must be present in person.  Counsel for Nova and Sun River must be present in person.

Dated March 13, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge