IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00689-CMA-BNB

NOVA LEASING, LLC,

Plaintiff,

v.

SUN RIVER ENERGY, INC.,
HARRY N. MCMILLAN, an individual
CICERONE CORPORATE DEVELOPMENT, a Texas limited liability company, and
J.H. BRECH, LLC, a Texas limited liability company,

Defendants,

v.

MICHAEL LITTMAN,

Third-Party Defendant.

---

## ORDER

---

This matter arises on **Nova Leasing, LLC's Motion for Award of Reasonable Expenses on Motion to Compel** [Doc. # 192, filed 3/19/2013] (the "Motion for Attorney Fees"). The Motion for Attorney Fees is granted, and Nova is awarded its reasonable expenses, including attorneys fees, in the amount of $1,982.50.

Nova asserts in this action that Sun River engaged in a fraudulent scheme to block Nova from transferring and selling 1.2 million shares of Sun River's stock. Nova's claims include violations of §10(b) and Rule 10b-5; violations of §§4-8-401 and 408, C.R.S.; civil theft; violations of § 11-51-101 et seq., C.R.S.; and violations of §18-17-101 et seq., C.R.S. Sun River has answered and asserted counterclaims for unjust enrichment, breach of contract, and

promissory estoppel against Nova; breach of fiduciary duty and fraud against Michael Littman,

Sun River's former corporate counsel; and conspiracy against both Nova and Mr. Littman.

A discovery dispute arose between Nova and Sun River, leading to Nova's Motion to

Compel [Doc. # 182].  In response to the Motion to Compel, but before a hearing, Sun River

provided the verification to the interrogatory answers, signed and under oath; produced more

than 2,000 pages of documents; and agreed to deposition dates for Messrs. Weathers, Schmidt,

and Pennington.  Response [Doc. # 186] at pp. 2, 4, and 5.  In addition, I granted the Motion to

Compel to require Sun River to provide contact information for potential witnesses who are

former Sun River employees; and to require Sun River to produce all responsive documents by

March 25, 2013, and serve a privilege log if any documents were withheld on a claim of

privilege.  Order [Doc. # 188] at pp. 2-3.  I found that Sun River had engaged in abusive

litigation tactics and bad faith in connection with its discovery obligations, and I invited Nova, at

its option, to file a motion for reasonable expenses incurred in making the Motion to Compel.

Id. at p. 3.

Nova filed the Motion for Attorney Fees [Doc. # 192] on March 19, 2013.  Sun River

responded on March 27, 2013.  Response [Doc. # 200].  The Response generally does not

address the merits of the Motion for Attorney Fees and, in particular, does not address the

reasonableness of either the hourly rates or the time claimed.  It argues instead that "Nova, only

hours after the Court issued its Order, engaged in the exact same conduct the Court found was

"abusive" and in "bad faith."  Id. at p. 2.

Rule 37(a)(5), Fed. R. Civ. P., provides that if a motion to compel discovery is granted--

or if the requested discovery is provided after the motion was filed--"the court must, after giving

2

an opportunity to be heard, require the . . . party or attorney advising that conduct, or both to pay

the movant's reasonable expenses incurred in making the motion, including attorney's fees,"

unless there was no attempt to resolve the dispute without court involvement, the opposing

party's conduct was substantially justified, or an award would be unjust.  In this case I find that

Nova attempted in good faith to resolve the discovery dispute before bringing the Motion to

Compel.  The positions taken by Sun River and its counsel--in failing to provide the written

verification under oath of the interrogatory answers, producing thousands of pages of documents

after the Motion to Compel was filed and only one day before the hearing on that motion, and

failing reasonably to provide dates for depositions--were not substantially justified.  Similarly,

the arguments made by Sun River's counsel in refusing to disclose contact information for

former Sun River employees who may be witnesses were unfounded and advanced in bad faith.

Nothing has been advanced which persuades me that an award of reasonable expenses against

Sun River and its lawyers would be unjust.

     The Motion for Attorney Fees [Doc. # 192] is supported by an affidavit [Doc. # 155-1]

(the "Kern Aff.") that includes a detailed description of the services rendered, the amount of time

spent, the hourly rate, the total amount claimed, and Nova's counsel's qualifications and

experience, all as required by D.C.COLO.LCivR 54.3.

     In calculating a reasonable attorney's fee, I apply the lodestar principles stated in

Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998).  "The lodestar calculation is

the product of the number of attorney hours reasonably expended and a reasonably hourly rate."

Id.(internal quotations and citation omitted).

1.      **Reasonable Time Expended**

The first step in calculating a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees.  The burden of proof lies with the prevailing party seeking fees.  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  However, as the Supreme Court instructed in Fox v. Vice, 131 S. Ct. 2205, 2216 (2011), "trial courts need not, and indeed should not become green-eyeshade accountants" when determining a fee application.  "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection."  Id.

The Kern Affidavit includes a description of the services provided and the amount of time expended.  The description reflects a total of six hours expended in connection with the Motion to Compel by two timekeepers, as follows:

Tobin D. Kern (member of the firm):          2.5 hours

Kellie Nelson Fetter (associate):             3.5 hours.

I find that the time claimed was reasonable and necessarily expended to obtain the discovery and the order compelling further discovery.  In addition, the work was appropriately divided between Mr. Kern and Ms. Fetter based on their varying levels of experience.  I will award the entire six hours claimed.

2.      **Reasonable Hourly Rate**

Nova claims attorney fees at a rate of $450 per hour for Mr. Kern and $245 per hour for Ms. Fetter.

Nova bears the burden of establishing that the rates are reasonable.  Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002).  "A reasonable

rate is the prevailing market rate in the relevant community." Id.  A trial court may use its own knowledge in determining a reasonable rate.  Id. at 1079.  See Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir. 2005)(approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience" practicing in the relevant market).

Mr. Kern is a 1990 graduate of the University of Virginia School of Law.  He has more than 20 years of experience in matters involving business litigation, including securities fraud as is alleged here.  I find that $450 per hour for a lawyer of Mr. Kern's skill and experience is reasonable in this market and in a case of this nature.

Ms. Fetter is a graduate of the University of Wyoming School of Law.  She has approximately four years of experience.  A billing rate of $245 per hour is reasonable in this market given Ms. Fetter's skill and experience.

I award Nova its reasonable expenses, including attorneys' fees, incurred in bringing the Motion to Compel in the amount of $1,982.50.  The award is made jointly and severally against Sun River and its counsel.

IT IS ORDERED:

(1)     The Motion for Attorney Fees [Doc. # 192] is GRANTED;

(2)     Nova is awarded its reasonable expenses in bringing the Motion to Compel in the amount of $1,982.50;

(3)     The award is made against both Sun River and its counsel, jointly and severally; and

(4)     The award shall be satisfied in full on or before April 18, 2013.

5

Dated March 28, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge